■ In the Matter of ROBERT W. TECLER, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [972 NYS2d 109]—

Per Curiam. Respondent was admitted to practice by this Court in 2001. He maintains an office for the practice of law in the Village of Northville, Fulton County.

Petitioner commenced this disciplinary proceeding against respondent charging him with failing to promptly pay or deliver funds as requested (*see* former Code of Professional Responsibility DR 9-102 [c] [4] [22 NYCRR 1200.46];* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [4]), engaging in fraudulent, deceitful or dishonest conduct prejudicial to the administration of justice and adversely reflecting on his fitness as a lawyer (*see* Rules of Professional Conduct [22 NYCRR

---

* One of the allegations involves conduct that occurred prior to the April 1, 2009 effective date of the Rules of Professional Conduct.

1200.0] rule 8.4 [c], [d], [h]), and failing to cooperate with petitioner's investigation (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).

Respondent admitted the allegations, and we have since granted petitioner's motion for an order declaring that the pleadings raise no factual issues (*see* 22 NYCRR 806.5). Now, having considered respondent's submission in mitigation, we find him guilty of professional misconduct as charged and specified in the petition. In particular, respondent participated in two unrelated real estate closings, failing on each occasion to timely pay off an existing mortgage from the closing proceeds. He subsequently made misrepresentations to various parties, including petitioner, about doing so, and then failed to timely respond to petitioner's requests for information and applicable records. In aggravation of respondent's misconduct, we note that petitioner issued a letter of caution to him in 2012.

Under all of the circumstances presented, we conclude that, in order to protect the public, deter similar misconduct and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of one year.

Peters, P.J., Lahtinen, Stein and Garry, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in the petition of charges; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).